UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LESLIE MANNING, Jr., <br><br> Petitioner, <br><br> v. <br><br> STIRLING PRICE, Warden, et al., <br><br> Respondents. | Case No.: 16-cv-0525-JAH-JMA <br><br> **ORDER ADOPTING THE REPORT AND RECOMMENDATION; DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING A CERTIFICATE OF APPEALABILITY** |

## **INTRODUCTION**

Pending before the Court is Petitioner David Leslie Manning Jr.'s ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction. See Doc. No. 1. The Honorable Jan M. Adler, United States Magistrate Judge, submitted a report and recommendation ("report") to this Court, recommending the petition be denied in its entirety. See Doc. No. 20. No objections to the magistrate judge's report were filed. After careful consideration of the parties' submissions, along with the entire record of this matter, this Court **ADOPTS** the magistrate judge's report in its entirety, **DENIES** the instant petition, and **DENIES** a certificate of appealability.

1

# BACKGROUND[1]

On January 30, 2013, the San Diego County District Attorney's Office filed a felony complaint charging Petitioner with one count of stalking with a court order in effect, in violation of California Penal code § 646.9(b), and two counts of making a criminal threat, in violation of California Penal Code § 422. On April 15, 2013, Petitioner entered into a plea agreement in which he pleaded guilty to stalking with a court order in effect, and the remaining counts were dismissed. The court sentenced Petitioner to a stipulated sentence of six years in prison. Petitioner filed a petition for writ of habeas corpus in the California Court of Appeals on September 14, 2014, which was ultimately denied. Next, Petitioner filed a petition for a writ of habeas corpus with the California Supreme Court on March 14, 2016, which the court denied with a citation to In re Dixon, 41 Cal. 2d 756, 759 (1953). Petitioner then filed an additional petition for writ of habeas corpus with the California Court of Appeals, which was denied, citing In re Clark, 5 Cal. 4th 750, 767 (1993). Petitioner filed another petition with the California Supreme Court which was denied once more, this time with a citation to In re Miller, 17 Cal. 2d 734, 735 (1941). Finally, Petitioner filed the operative petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on April 4, 2016. Upon receiving an answer from the Respondent, Judge Adler submitted a report to this Court, recommending the petition be denied in its entirety. Petitioner has filed no objections to the report.

# DISCUSSION

## I. Scope of Review

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Title 28, United States Code, § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to

---

[1] The underlying facts set forth in the magistrate judge's report, to which plaintiff presents no objection, are adopted in toto, and referenced as if fully set forth herein.

which objection is made," and "may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153 (1985).

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); Early v. Packer, 537 U.S. 3, 8 (2002). When there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. See Ylst c. Nunnemaker, 501 U.S. 797, 805-06 (1991). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. Early, 537 U.S. at 8. Clearly established federal law, for the purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 72 (2003).

## II. Analysis

Petitioner alleges the following claims in his petition: (1) the police officer who reported to the scene falsified his report; (2) this falsified report was used against him in his preliminary hearing; (3) the evidence presented at the preliminary hearing was insufficient and the Prosecution failed to establish every element; and (4) Petitioner claims his counsel was ineffective for failing to argue these points.

The Court received no objections to the magistrate judge's report, nor did Petitioner request additional time in order to file objections. As such, this Court may adopt the magistrate judge's findings and conclusions presented in the report as long as they are not clearly erroneous. See Thomas, 474 U.S. at 153. This Court's careful *de novo* review of the record reflects the magistrate judge presented a cogent analysis of all of Petitioner's claims and, thus, finds the magistrate judge's findings and conclusions are not clearly erroneous.

Specifically, the Court agrees with Judge Adler's finding that Petitioner's habeas petition was procedurally barred from federal review. See Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003). California procedure requires that following a denial by the Court of Appeal the appellant must file a petition for review to the California Supreme Court, not a habeas corpus petition. See Cal. R. Ct. 8.508. Petitioner failed to demonstrate the inadequacy of the California procedure or how failure to consider his claims would result in a fundamental miscarriage of justice, thus his claims are procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The Court also concurs with Judge Adler's findings on the merits of Petitioner's claims. In claims one and two, Petitioner argues the police report of the incident in question contained summaries of several voicemails left by Petitioner that omitted important portions of the voicemails, and that report was subsequently used against him at his preliminary hearing. However, a comparison of the police report and transcripts from the actual voicemails clearly illustrate that the police officer's summation was not inaccurate. As to his third and fourth claims, Judge Adler correctly held that the evidence presented by the prosecution during the preliminary hearing was sufficient to establish probable cause in every count charged. Finally, the Court agrees that the representation by Petitioner's counsel was not deficient, as Petitioner failed to establish either prong required by Strickland v. Washington, 466 U.S. 668 (1984).

Accordingly, this Court **ADOPTS** the magistrate judge's findings and conclusions presented in the report in full and **DENIES** the instant petition in its entirety.

### III. Certificate of Appealability

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 475 (2000) (citation omitted). For the reasons set forth in the magistrate judge's report and recommendation and incorporated by reference herein, the Court finds that this standard has not been met and therefore **DECLINES** to issue a certificate of appealability in this case.

### CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The findings and conclusions of the magistrate judge presented in the report and recommendation are **ADOPTED** in their entirety;
2. The instant petition is **DENIED with prejudice**;
3. Petitioner is **DENIED** a certificate of appealability; and
4. The Clerk of Court shall enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: April 13, 2018

_____
JOHN A. HOUSTON
United States District Judge